ANDRÉS ORTIZ RIVERA, Plaintiff and Appellee, *v.* AETNA LIFE INSURANCE COMPANY and CARIBE MOTORS CORPORATION, Defendants and the latter Appellant.

No. R-62-33.     Decided December 18, 1963.

*Córdova & Cebollero* for appellant. *Lionel Fernández Méndez* and *Santiago C. Soler Favale* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: On February 28, 1958, the Caribe Motors Corporation sold on installment plan, in its establishment in Ponce, a Chevrolet truck to Andrés Ortiz Rivera for the total price of $7,482.93, of which he paid $2,761 as the value of a used truck which the vendee delivered to the vendor, leaving an unpaid balance of $4,721.93 to be paid in monthly installments. The purchase order included the manufacturer's guarantee that the vehicle was free from defects of materials and workmanship and that the vendor bound itself to replace the parts which might be defective within 90 days of the purchase or before the vehicle had run 4,000 miles.

The vehicle had a manufacturing defect consisting of a misfire in the engine which produced backfiring. On March 12 and April 21, 1958, when the vehicle had not yet run over 300 miles, the vendor's mechanics tried in vain to correct the defect or misfire. On said April 21, while vendee was returning in the truck to Cayey from the vendor's garage, the truck backfired and caught fire which caused severe damages. The vehicle was not repaired and subsequently the vendor repossessed it and sold it at auction for the amount of $4,863.04, the debt being thus liquidated.

Vendee Andrés Ortiz Rivera filed a complaint against Caribe Motors Corporation and Aetna Life Insurance Company[1] claiming damages as a result of the fire in the truck. After a trial on the merits, the Superior Court, Guayama Part, rendered judgment ordering Caribe Motors Corporation to pay to plaintiff, the amount of $12,629 for damages,

---

[1] At the commencement of the trial plaintiff settled his claim with said insurance company for the amount of $1,800 and so, the latter is not a party in the appeal.

plus costs and $1,500 for attorney's fees. We decided to review said judgment at defendant's request.

It is alleged that the trial court erred (1) in deciding that appellant was responsible for the fire; (2) in computing appellee's recoverable damages, and (3) in ordering appellant to pay attorney's fees.

The first error was not committed. As to what happened the second time that appellee took the truck to appellant's garage to have the defect or misfire in the engine corrected, the trial court decided:

". . . On March 21 of the same year plaintiff took the truck again to Caribe Motors garage in Ponce. Again its mechanics worked on the engine, namely: with the ignition and with the carburetor changing the points in the ignition and the needle in the carburetor. When the vehicle was delivered to plaintiff, and as he drove out of the garage, the engine misfired and backfired again. Javier Franceschini, mechanic of the Caribe Motors at the time, told plaintiff to take the truck with him and bring it the following Monday to finish repairing it. In spite of plaintiff's insistence to leave the truck in the shop until fully repaired, said Javier Franceschini refused, saying that he was not authorized to do such thing, that plaintiff could drive it and bring it back the following Monday to install a new carburetor. Plaintiff returned to Cayey, and on the way, while the truck had the misfire referred to, it produced a backfire which caused a fire that partially destroyed the truck." (Pp. 4 and 5 Statement of the case and findings of fact and conclusions of law.)

■ The evidence was contradictory on this point, but the trier decided the conflict in favor of plaintiff. A careful examination of the transcript of the evidence shows that he did not err in so doing. On the other hand, appellant's own expert evidence does not exclude the probability that a backfire can set the vehicle on fire, as established by the evidence believed by the court.

The second error was committed. The trial court decided:

"16. As a result of said fire plaintiff suffered the following damages:

(a) Total loss of the down payment amounting to $2,761. . . .

(b) Loss of a canvas, a hydraulic jack, a tool chest and a wooden box for said truck, all of which damages amount to $420. . . .

(c) Loss of the use of said truck from the time the fire occurred on March 21, 1958 to the day of the trial, May 9, 1960, said damages amounting to $7,948.

(d) Loss of the clientele already established, which caused damages which this court estimates amount to $1,500."

In *Torres* v. *González*, 68 P.R.R. 43 (1947), we said that when the accident causes a total loss to plaintiff, the latter is only entitled to recover the market value of the vehicle at the time of the collision and there can be no recovery for depreciation or the loss of use. We also said that when such injuries do not amount to a total destruction the measure of recovery is (a) the difference between the market value of the vehicle immediately before the accident and its market value immediately thereafter, or at plaintiff's choice, a reasonable amount for the cost of repairs, when possible, plus a reasonable amount for the difference between the original value of the vehicle and the value after the repairs, and (b) the loss of use.

The trial court decided that due to the fire, "plaintiff's truck suffered damages in the amount of $2,654, having remained unfit for the normal use to which it was devoted, that is, the transportation of supplies. . . ." If it were understood, as appellant alleges, that the court decided that the vehicle suffered a total loss, there could be no recovery for the loss of use, cost of repairs and depreciation. *Torres* v. *González, supra.* On the other hand, if it were understood, as appellee understands and we understand, that the trial court decided that appellee's vehicle suffered a partial de-

struction, then recovery may be had for the cost of repairs as well as for the loss of use and depreciation, if the evidence establishes said damages. The difficulty for plaintiff-appellee lies in that there is no basis in the evidence to grant him compensation on that account. There is no evidence as to the cost of repairs because he never ordered his truck to be repaired. Likewise, there is no evidence either as to the reasonable time for said repairs, and hence, there is no basis to determine the damages for the loss of use. See *Cintrón* v. *Metro Taxicabs*, 72 P.R.R 205 (1951) and *Boria* v. *Maryland Casualty Co.*, 60 P.R.R. 808 (1942). The preceding contention is likewise applicable to damages for the vehicle depreciation. The damages for the loss of clientele are untenable. What the evidence shows is that appellee definitively quit rendering services to the persons who delivered the cargoes to him. What he failed to earn on that account, during the time which the repairs might last would be included in the damages for the loss of use and we have already seen there is no basis in the evidence to grant said damages. Consequently, the damages granted under subdivisions (c) and (d) of paragraph 16 of the findings of the court are untenable and must be eliminated from the judgment.

■ Lastly, we consider that no error was committed in ordering appellant to pay attorney's fees. However, the amount granted is unreasonable and should be reduced to $750.

The judgment rendered by the Superior Court, Guayama Part, is modified pursuant to this opinion and as thus modified it will be affirmed.